Sutlirr, J.
We are unable to perceive any error in the refusal of the district court to instruct the jury as requested, or in the instruction given by that court to the jury. *On the contrary, we regard the instruction given the jury as in accordance with the express provision and most obvious meaning of the contract.
*10 Tbe language of the contract expresses ap undertaking on the part of the company “ to pay all losses or damages, not exceeding said sum” (of $2,500), “which shall or may happen to the aforesaid property (the stock of goods) .... by means of fire during the time this policy shall remain in force.” “ That the said losses or damage be estimated according to the true and actual value of the property at the time the same shall happen, and be paid.....at the rate of two-thirds its actual value,” etc.
Now, here are two distinct sentences in the policy. The first expresses a promise “to pay all losses or damages not exceeding said sum” of $2,500. The next sentence expresses a provision, “That the said losses or damages be estimated according to the true and actual value of the property;” and that the damages “be paid within ninety days,.....at the rate of two-thirds its actual cash value.”
In the first sentence or provision the company undertakes, unconditionally, to pay all losses or damages not exceeding the sum insured; and the only way of avoiding its obligation is to show that the promise thus clearly and unconditionally expressed is retracted or varied in the succeeding sentence. But it is a rule to so1 construe an instrument, if practicable, that the whole may stand; Ut res magis valeat, quam pereat.
Nothing but,a clear and unambiguous expression in the latter sentence, amounting to a necessity for it, could justify our regarding the subsequent provision in a contract as utterly inconsistent with the preceding provision.
But the instruction which the counsel of plaintiff in error asked the court to give the jury, would have been not only to affirm the two provisions to be irreconcilable, but also to instruct the jury to' disregard the clear and positive expression of the former provision.
*The two provisions are not, in fact, inconsistent, as will be seen even by an adherence to a strictly grammatical construction of the sentences. It is “all losses or damages” which the company in the former provision undertake to pay; words of the plural number, and to which the words “its actual value ” have no grammatical relation. If, therefore, we adhere to the strict rule of the structure of the sentence as expressed, wo shall be constrained to regard the expression “its actual value” as meaning the value of the stock of goods. And such was evidently the true meaning of *11 the words, as understood by the contracting j>arties. At least such is the more obvious meaning, we think, of the words used. And. certainly, such a construction preserves the positive preceding provision unimpaired, and at the same time gives the most sensible - and consistent meaning and effect to the latter provision.
Under this construction of the contract, the undertaking of the company was clear and unambiguous. The undertaking was to-pay all losses by fire, sustained by the insured within said sum of $2,500, and not exceeding two-thirds the value of the entire stock of goods so insured. If, then, the stock of goods were only of the-value of $3,000, and was destroyed by fire, the insured would only be entitled to two-thirds its cash value, although the amount of the policy was $2,500. But if the value of the stock of goods were-$10,000, in that case, whether the losses by fire amounted to only $2,500, or to a total loss, the insured would be entitled to receive “ all losses or damages not exceeding said sum” of $2,500—it being-within the “rate of two-thirds” of the risk of the entire stock of goods, which the company assumed.
This construction gives a sensible meaning to the contract. The object of the provision is thus secured to the company, and that, too, without materially impairing the benefit of the policy to the insured. By this construction, the insured is always interested to-prevent the destruction *of the property; and this object was doubtless all that was contemplated by the provision.
The district court gave substantially the same construction totbe policy of insurance which we have expressed. We perceive-no error in the record.
The judgment of the distriofc court must therefore be affirmed, with costs.
Brinkerhori', C. J., and Scott, Peck, and G-holson, JJ., concurred.